UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHATURONG JATUPORNCHAISRI,
SUPAWADEE KLIANGPRADITH,
CHOMMANPART NUSOOT,
RATCHADAPHON THEPPAWAN,
ISSARA THONGDAENG and
HUONG THU TRAN,

    Plaintiffs,

CASE NO. 6:12-CV-59-ORL-31GJK

vs.

WYNDHAM VACATION
OWNERSHIP, INC., doing business as
WYNDHAM BONNET CREEK RESORT,

    Defendant.
_____/

## DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS COMPLAINT

Defendant, Wyndham Vacation Ownership, Inc. ("WVO"), by and through its undersigned counsel, Shutts & Bowen LLP, and pursuant to this Court's order dated April 18, 2012, replies to Plaintiffs' opposition to WVO's motion to dismiss as follows:

### ARGUMENT

WVO moved to dismiss this Complaint on the grounds that the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"), and the state minimum wage statute, Fla. Stat. § 448.110, do not apply to exchange visitors such as Plaintiffs who are participating in an Exchange Visitor Program pursuant to a J-1 nonimmigrant visa classification.[1]

---

[1] Definitions used herein are the same as those used in the motion to dismiss.

Rather than address the line of reasoning supporting the dismissal of the Complaint, the Plaintiffs have relied on one circular argument: the FLSA applies to exchange visitors unless there is an exemption; because there is no exemption, the FLSA necessarily applies to exchange visitors. But the Plaintiffs provide no support for the fundamental assumption on which they rely; namely, that the FLSA applies to exchange visitors in the first instance.

First, the Plaintiffs cite to no case that either applies the FLSA to exchange visitors or that states that such individuals are within its scope. Instead, the cases relied upon by Plaintiffs simply repeat the oft-stated principle that exemptions to the FLSA are to be construed narrowly. See, e.g., Adams v. Dep't of Juvenile Justice, 143 F.3d 61 (2d Cir. 1998); Hogan v. Allstate Ins. Co., 361 F. 3d 621 (11th Cir. 2004). An exemption, however, presumes that the individual falls within the purview of the FLSA in the first instance. Here, the regulations implementing the Exchange Visitor Program make clear that these exchange visitors are not within that group.

The fact that the FLSA does not apply to exchange visitors is obvious because the regulations for the J visa program specify that only exchange visitors in the area of agriculture are subject to the FLSA – but the regulations make no such statement regarding any of the other areas in which exchange visitors may train or intern. 22 C.F.R. §62.22(f)(2). The Plaintiffs' only rebuttal to the necessary implication of this silence is to contend, without citation, that the regulation about agricultural exchange visitors is designed to limit the placement of exchange visitors to agricultural employers who are subject to the FLSA -- as opposed to small farms that may be exempt from the FLSA.

But the regulation says nothing of the type. The regulation simply requires an agricultural employer who is a sponsor of a J-1 program to certify that it is in compliance with

the FLSA.[2] A small farm that is exempt from the FLSA is in compliance with the terms of the FLSA – because of the very fact it is exempt. Moreover, the comments of the State Department to the final rule noted that there was "no compelling reason why agricultural training and internship programs should not meet the statutory protections afforded all workers in the United States." 75 Fed. Reg. No. 154 at 48556 (8/11/10). Neither the regulation nor the commentary anywhere suggests that exchange visitors are being singled out and restricted from working on small farms. Thus, by its own terms, the regulation is intended to extend the protections of the FLSA – whatever they may be -- to this one category of exchange visitor. It is not to prohibit where such visitors may work.[3]

Indeed, if the concern were simply to establish that exchange visitors were not to be placed in jobs where they were exempt from the FLSA, which is the logical result of the Plaintiffs' argument, then the regulations should have also identified other fields where the exchange visitors could similarly be exempt from the FLSA and should state that the FLSA applies to them also. For example, any number of the positions for which programs can be offered could be subject to the administrative, or creative professional, small town newspaper or other similar exemptions (e.g., 29 C.F.R. Part 541; 29 U.S.C. § 213(a)(3), (8)). Yet the State Department has nowhere carved out those particular areas to specify that the FLSA should apply to them.

---

[2] The regulation provides that sponsors must: "[c]ertify that training and internship programs in the field of agriculture meet all the requirements of the Fair Labor Standards Act, as amended (29 U.S.C. § 201 et seq.) and the Migrant and Seasonal Agricultural Worker Protection Act, as amended (29 U.S.C. § 1801 et seq.). 22 C.F.R. § 62.22(f)(2) (emphasis added).

[3] The Plaintiffs similarly ignore the fact that 22 C.F.R. § 62.22(h), which lists obligations of host organizations, requires sponsors to ensure, among other things, that host organizations abide by all "federal, state, and local occupational health and safety laws." (emphasis added). But, as with the regulation involving agriculture, there is no mention of the FLSA.

3

Second, the Plaintiffs ignore the relative roles of the State Department and the Department of Labor in connection with the regulation of those individuals in the United States on a temporary, non-immigrant status. The Department of Labor has specific authority delegated to it to issue labor certifications and to ensure that workers under the H-2A or H-2B programs are being paid prevailing wages and are not taking jobs away from U.S. workers. 20 C.F.R. § 655.0. In contrast, the Department of Labor plays no role in the administration of the Exchange Visitor Program. The Office of Inspector General report cited by the Plaintiffs, in fact, highlights the unique characteristics of the J visa program, which it observes have been criticized as a vehicle for importing "low- or no-cost labor into the United States." OIG Report at 25.[4] However, the remedy offered by the report is not a statement that the FLSA should be enforced against program sponsors, but rather discontinuance of the program or a transfer of such workers to a different visa categorization.

Finally, the Plaintiffs ultimately seem to recognize that there is a distinction between exchange visitors and employees, but contend that because they allege the Plaintiffs worked as housekeepers that would somehow cause WVO to be subject to the FLSA (Opp. 5). The Plaintiffs' argument puts the cart before the horse – the J-1 regulations specify the recourse available where programs are not compliant. 22 C.F.R. § 62.50; 22 C.F.R. § 62.22(g). That recourse, however, does not involve a de facto "new" regulation to extend the FLSA to exchange visitors such as the Plaintiffs here.

---

[4] This statement is consistent with the regulations, where the section addressing "employment," 22 C.F.R. § 62.16, states only that "An exchange visitor *may* receive compensation from the sponsor or the sponsor's appropriate designee for employment when such activities are part of the exchange visitor's program" (emphasis added). The Plaintiffs fail to address this regulation.

## CONCLUSION

As set forth above, and in the motion to dismiss, visitors participating in the Exchange Visitor Program are neither subject to the FLSA nor the state minimum wage statute, and the Complaint should be dismissed, with prejudice.

/s/ Mary Ruth Houston
Mary Ruth Houston
Florida Bar No. 834440
*mhouston@shutts.com*
Paul J. Scheck
Florida Bar No. 28487
*pscheck@shutts.com*
SHUTTS & BOWEN LLP
300 South Orange Avenue, Suite 1000
Telephone (407) 423-3200
Facsimile (407) 425-8316
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 25, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Gregory S. Schell, Florida Legal Services at Greg@Floridalegal.Org.

/s/ Mary Ruth Houston
OF COUNSEL

ORLDOCS 12479732 2