**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CHATURONG JATUPORNCHAISRI,
SUPAWADEE KLIANGPRADITH,
CHOMMANPART NUSOOT,
RATCHADAPHON THEPPAWAN,
ISSARA THONGDAENG, HUONG THU
TRAN,

                **Plaintiffs,**

-vs-                                              Case No.  6:12-cv-59-Orl-31GJK

WYNDHAM VACATION OWNERSHIP,
INC. doing business as Wyndham Bonnet
Creek Resort,

                **Defendant.**

## ORDER

This cause comes before the Court without oral argument on a Motion to Dismiss (Doc. 19) filed by Defendant, Wyndham Vacation Ownership ("WVO"); a Response (Doc. 22) filed by Plaintiffs; and a Reply (Doc. 25).

**I. Background**

This case arises from WVO's alleged violation of the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and the Florida Minimum Wage Act. Fla. Stat. §§ 448.110, *et seq*. Plaintiffs are citizens of the Kingdom of Thailand and the Socialist Republic of Vietnam who lawfully entered the United States on J-1 visas pursuant to the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(15)(J). Under the Mutual Educational and Cultural Exchange Act of 1961, Pub. L. No. 87-256, 75 Stat. 527 (1961), foreign students

("Exchange Visitors") are allowed to enter the United States under J-1 visas as part of a training and internship program or as part of a college exchange program. Since the primary purpose is education and cultural exchange, host organizations must provide training, oversight, and similar learning activities, and must not use Exchange Visitors to, *inter alia*, displace American workers or to serve a specific labor need. 22 C.F.R. § 62.22(f)(2).

In direct violation of the regulations, Plaintiffs allege that WVO "recruited the Plaintiffs and other J-1 visa holders in Thailand and Vietnam to fill housekeeping positions at the Wyndham Bonnet Creek" resort. (Doc. 1 at 4). Plaintiffs allege that they were "employed" as housekeepers by WVO on a full-time basis from January 2010 to October 2011, and as such, were covered under the minimum wage provisions the FLSA. WVO allegedy violated the FLSA by failing to reimburse Plaintiffs for the expenses incurred in obtaining their J-1 visas, for travel expenses, and for improperly deducting rent from their wages.[1] Plaintiffs filed this suit on January 17, 2012, asserting two counts for violation of the FLSA and the Florida Minimum Wage Act. WVO now moves to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(6).

**II. Standard**

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v.*

---

[1] The amount of which Plaintiffs claim "exceeded the actual costs of furnishing these facilities." (Doc. 1 at 5).

*McKeithen*, 395 U.S. 411,421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id.* at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950-1951 (2009).

**III. Analysis**

Plaintiffs have sufficiently alleged that they were treated as "employees" of WVO regardless of their immigration status. WVO admits the no there is no express exemption in the FLSA which applies to Plaintiffs and "there appears to be no case addressing this issue." It argues, however, that the purpose of the Exchange Visitor Act is education, not labor. *(See* Doc. 19 at 3) (citing 64 C.F.R. § 22.22(a), and 22 U.S.C. § 2451). As such, WVO argues that Plaintiffs fall outside the purview of the FLSA because they are effectively interns, not employees.

Assuming that WVO is correct and Exchange Visitors are not intended to be subject to the FLSA,[2] WVO does not explain why the *goals* of the Exchange Visitor Act should trump the *express* terms of the FLSA. The FLSA defines an "employee" as any individual "employed by an employer." 29 U.S.C. § 203(e)(1). It is a broad statute designed to "aid the unprotected, unorganized, and lowest paid of the nation's working population; that is, those employees who lacked sufficient bargaining power to secure for themselves a minimum subsistence wage." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 n. 18, 65 S.Ct. 895, 902 n. 18, 89 L.Ed. 1296 (1945).[3] On its face, the FLSA applies to the Plaintiffs; and Plaintiffs allege that they are, in fact, employees. Accordingly, the controlling issue here is the manner in which Plaintiffs were actually treated, not simply the goals of the Exchange Visitor Act. A factual dispute of this nature cannot be resolved at this stage of the proceedings.

WVO also argues that, to the extent it treated Plaintiffs as employees, the proper remedy is proscribed under the Exchange Visitor Act, 22 C.F.R. § 62.50, and is limited to "reprimands, suspensions, terminations, and the placing of various conditions on the *sponsoring* organization;" such remedies do not extend to the "companies with whom the visitors are placed." (Doc. 19 at 10) (emphasis added). There is no compelling reason, however, to hold that the existence of this administrative remedy precludes Plaintiffs from seeking their statutory remedy for damages. The

---

[2] WVO cites to no language, statutory or otherwise, which expressly excludes Exchange Visitors from the FLSA. Its argument is based primarily on the purpose of the exchange visitor program–namely, education–as stated in the statute and regulations.

[3] Generally speaking, exemptions to the FLSA are narrowly construed against the employer. *See Walters v. Am. Coach Lines of Miami, Inc.*, 575 F.3d 1221, 1230 (11th Cir. 2009); *Hogan v. Allstate Ins. Co.*, 361 F.3d 621, 625 (11th Cir. 2004).

harm inflicted by violation of the FLSA cannot be remedied by administrative action against the sponsor organization.

It is therefore,

**ORDERED** that Defendant's Motion to Dismiss (Doc. 19) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 7, 2012.

Copies furnished to:

Counsel of Record
Unrepresented Party

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE